UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT E. COFIELD,

    Plaintiff,

v.

UNKNOWN,

    Defendant.

No. 2:12-cv-3060-KJM-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

    Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff's second amended complaint (ECF No. 29) is before the court for screening. Additionally, plaintiff moves for a preliminary injunction (ECF No. 24).

### I. Screening Requirement and Standards

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

1

*Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.  Background**

After a dismissal of the original complaint pursuant to § 1915A, plaintiff filed a first amended complaint. ECF No. 20. On October 8, 2013, the court screened that complaint as follows:

> Plaintiff names eleven individuals as defendants. Seven of the defendants (Swingle Rahman, Lee, Garbutt, Sampson, Miranda, and Robertson) are alleged to be medical professionals. Four of the defendants (Young, Bauer, Maydole, and Alkier) are alleged to be prison guards who harassed and retaliated against plaintiff. The court finds that for the limited purposes of § 1915A screening, and liberally construed, the complaint states potentially cognizable Eighth Amendment deliberate indifference to medical needs claims against defendants Miranda and Rahman for their alleged roles in depriving plaintiff of various medical appliances and/or treatment for various medical conditions, including asthma, a knee condition, and sleep apnea. As explained below, claims against the remaining defendants must be dismissed.
> * * *

2

As for the five remaining medical defendants – Swingle, Lee, Garbutt, Robertson, and Sampson – plaintiff has not alleged acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  As for defendants Swingle, Lee, and Garbutt, plaintiff merely alleges that they were involved in processing his administrative appeals.  Plaintiff claims that in denying those appeals, they relied on defendant Rahman's apparently false representation that certain medical appliances or treatments were not medically indicated for plaintiff.  These allegations are not enough to show that defendants Swingle, Lee, and Garbutt acted with the requisite deliberate indifference.

Moreover, there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.").

In addition, plaintiff's allegation that defendant Robertson fabricated a medical record is too vague and conclusory to state a cognizable claim for relief under the deliberate indifference standard explained above.

With respect to defendant Sampson, plaintiff claims that she provided his medical records to defendant prison guards Young, Alkier, Bauer, and Maydole, to assist them in harassing plaintiff.  Plaintiff claims that in retaliation for filing administrative grievances, the defendant guards moved plaintiff into a cell with no electricity and poor ventilation and plumbing.  They allegedly subjected plaintiff to retaliatory cell searches and false accusations.  The allegations against Sampson and the four prison guards are not related to the allegations of deliberate indifference against defendants Miranda and Rahman.  Thus, they cannot be properly joined with the claims against Miranda and Rahman because they do not arise out the same occurrence and involve a common question of law or fact.[1]  See Fed. R. Civ. P. 20(a)(2).  Plaintiff should pursue such claims in a new, separate lawsuit.

For these reasons, plaintiff may proceed with his Eighth Amendment

---

[1] Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Thus, unrelated claims against different defendants must be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees– for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

3

>claims against defendants Miranda and Rahman, or he may amend his complaint to attempt to cure the deficiencies identified above. Plaintiff is not obligated to amend his complaint.

ECF No. 26 at 2-5.

### III. Second Amended Complaint

The second amended complaint names Rahman, Miranda, Lee, Garbutt, Robertson, Young, Alkier, Bauer, and Maydole as defendants. As explained below, plaintiff will be permitted to proceed on claims against Rahman, Miranda, and Lee. Plaintiff has not, however, cured the defects in his claims against Garbutt, Robertson, Young, Alkier, Bauer, and Maydole. Claims against these defendants should therefore be dismissed without further leave to amend.

Once again, plaintiff alleges that defendant Miranda took "all" of plaintiff's "medications, asthma inhalers, and medical appliance[s]," upon plaintiff's arrival on March 28, 2012 at High Desert State Prison (HDSP). ECF No. 29 at 5-6. Plaintiff claims it took five days for his asthma inhalers to be re-issued, that his administrative appeal for the return of his medical appliances and treatment was denied, and that as a result, he experienced various "medical strains on his health." *Id.* at 6-7. Liberally construed, plaintiff may proceed on an Eighth Amendment deliberate indifference to medical needs claim against defendant Miranda.

As for defendants Rahman and Lee, plaintiff claims that they refused to follow the recommendations of [a] pulmonary specialist." *Id.* at 8. Plaintiff claims that Rahman and Lee also refused to give plaintiff a needed x-ray of his left knee and lower back, and also refused to do any kind of examination. *Id.* at 15. Plaintiff also claims that Lee interfered with his medical treatment by cancelling a sleep study and titration that Rahman had ordered. *Id.* at 17. Liberally construed, plaintiff may also proceed on an Eighth Amendment deliberate indifference to medical needs claims against defendants Rahman and Lee.

Plaintiff alleges that defendant Robertson, a physician's assistant, "drill[ed] plaintiff with a battery of questions" regarding plaintiff's grievance. *Id.* at 9. Plaintiff claims that Robertson did not answer plaintiff's questions and later "fabricated his case notes." *Id.* at 9-10. Plaintiff claims that defendant Garbutt, a nurse, denied his medical grievance, and in doing so, found that

4

1  plaintiff's need for three asthma inhalers and high blood pressure medication did not pose a
2  serious or imminent threat to plaintiff's health or safety. *Id.* at 12. These allegations merely
3  touch on how Robertson and Garbutt processed plaintiff's administrative appeals. They are not
4  enough to show that either defendant acted with the deliberate indifference required to state a
5  colorable Eighth Amendment claim. The court previously informed plaintiff of the deficiencies
6  in his claims against Robertson and Garbutt. Plaintiff was unable to correct those deficiencies in
7  his amended complaint. Further leave to amend appears to be futile.

8  Plaintiff also claims that "because of his medical grievances[,] he has been retaliated and
9  harassed" by correctional officer defendants Young, Alkier, Bauer, and Maydole. *Id.* at 11.
10 Plaintiff again claims that they forced him to live in a cell for 46 days with no electricity, poor
11 ventilation, and poor plumbing. *Id.* at 11. Defendant Bauer also allegedly told plaintiff he was
12 being placed in isolation because he files too many grievances. *Id.* at 21. The court previously
13 informed plaintiff that these claims could not be properly joined with the claims against Miranda
14 and Rahman because they did not arise out the same occurrence and involve a common question
15 of law or fact. Plaintiff has not cured this defect through amendment. Claims against these
16 defendants must be dismissed and pursued in a separate lawsuit, if at all.

17 Accordingly, plaintiff may proceed only on the claims identified herein against defendants
18 Miranda, Rahman, and Lee, and the court recommends that all remaining claims and defendants
19 be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)
20 ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a
21 complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint
22 lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]
23 district court should grant leave to amend even if no request to amend the pleading was made,
24 unless it determines that the pleading could not be cured by the allegation of other facts.").

25 **IV.    Motion for Injunctive Relief**

26 Plaintiff seeks preliminary injunctive relief. ECF No. 24. He alleges in his motion that
27 his asthma and chronic obstructive pulmonary disease are "terrible." He claims to be afraid of
28 these chronic conditions because his sister died from an asthma attack, caused by the over-

5

1 prescription of asthma medications.  He requests injunctive relief in the form of a court order
2 requiring that he be transferred to an institution at sea level.  For the reasons that follow,
3 plaintiff's motion must be denied.

4      A preliminary injunction will not issue unless necessary to prevent threatened injury that
5 would impair the courts ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*
6 *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
7 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching
8 power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*,
9 326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a party
10 must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable
11 harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
12 injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.
13 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has
14 also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing
15 the elements of the preliminary injunction test, so that a stronger showing of one element may
16 offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for Wild*
17 *Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions
18 going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support
19 issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*
20 In cases brought by prisoners involving conditions of confinement, any preliminary injunction
21 "must be narrowly drawn, extend no further than necessary to correct the harm the court finds
22 requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18
23 U.S.C. § 3626(a)(2).

24      Here, plaintiff has not shown a likelihood of success on the merits.  To prove a section
25 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff
26 must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious
27 medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Apart from plaintiff's unsupported
28 allegations, there is no evidence establishing that plaintiff is likely to prevail on his Eighth

6

Amendment claims, or that the injunction sought is necessary to preserve the court's ability to grant effective relief on those claims and that it is the least intrusive means for doing so. While plaintiff believes his medical conditions would be better controlled if he were housed at sea level, his belief in this regard does not support a finding of deliberate indifference on the part of any defendant. Nor does it support a finding that plaintiff will suffer irreparable harm if he is not transferred as requested.

V. **Order & Recommendation**

Accordingly, IT IS HEREBY ORDERED that:

1. For purposes of §1915A, and liberally construed, the second amended complaint (ECF No. 29) states potentially cognizable Eighth Amendment deliberate indifference to medical needs claims against defendants Miranda, Rahman, and Lee.

2. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the November 25, 2013 second amended complaint, three USM-285 forms and instructions for service of process on defendants. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents, along with sufficient copies of the documents listed therein. The court will transmit the documents to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Miranda, Rahman, and Lee will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. Failure to comply with this order may result in this action being dismissed.

Further, it is hereby RECOMMENDED that:

1. Claims against defendants Robertson and Garbutt be dismissed from this action for failure to state a claim upon which relief may be granted and claims against defendants Young, Alkier, Bauer, and Maydole be dismissed as improperly joined.

/////

/////

2. Plaintiff's motion for injunctive relief (ECF No. 24) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT E. COFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Defendant. | No.  2:12-cv-3060-KJM-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

　　　__1__　　completed summons form
　　　__3__　　completed forms USM-285
　　　__4__　　copies of the endorsed November 25, 2013 second amended complaint

Dated:

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

9