1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VINCENT E. COFIELD,                         No.  2:12-cv-3060-KJM-EFB P

12              Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   MIRANDA, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He alleges that defendants Miranda, Abdur-Rahman, and Lee were deliberately

19   indifferent to his medical needs in violation of the Eighth Amendment.  Defendants move for

20   summary judgment, arguing *inter alia*, that plaintiff failed to exhaust his administrative remedies

21   before filing suit.  ECF No. 46.  Plaintiff opposes defendants' motion and defendants have filed a

22   reply.[1]  ECF Nos. 49, 50.  For the following reasons, defendants' motion must be granted.

23   **I.    Exhaustion under the PLRA**

24        The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

25   with respect to prison conditions [under section 1983 of this title] until such administrative

26   _____

27        [1] The court has not considered plaintiff's unauthorized surreply (ECF No. 51) in resolving
     defendants' motion, as neither the Federal Rules of Civil Procedure nor the court's local rules
     provide for such a response.  The Clerk of the Court should therefore terminate defendants'
28   motion to strike plaintiff's surreply (ECF No. 52).

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so

demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

## II.     Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477

1  U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving

2  party meets its burden with a properly supported motion, the burden then shifts to the opposing

3  party to present specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at

4  248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

5          A clear focus on where the burden of proof lies as to the factual issue in question is crucial

6  to summary judgment procedures.  Depending on which party bears that burden, the party seeking

7  summary judgment does not necessarily need to submit any evidence of its own.  When the

8  opposing party would have the burden of proof on a dispositive issue at trial, the moving party

9  need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v. National

10  Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters

11  which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-

12  24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

13  summary judgment motion may properly be made in reliance solely on the 'pleadings,

14  depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

15  should be entered, after adequate time for discovery and upon motion, against a party who fails to

16  make a showing sufficient to establish the existence of an element essential to that party's case,

17  and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a

18  circumstance, summary judgment must be granted, "so long as whatever is before the district

19  court demonstrates that the standard for entry of summary judgment . . . is satisfied."  *Id.* at 323.

20          To defeat summary judgment the opposing party must establish a genuine dispute as to a

21  material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that

22  is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at

23  248 ("Only disputes over facts that might affect the outcome of the suit under the governing law

24  will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is

25  determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party

26  is unable to produce evidence sufficient to establish a required element of its claim that party fails

27  in opposing summary judgment.  "[A] complete failure of proof concerning an essential element

28  /////

1   of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S.

2   at 322.

3     Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

4   the court must again focus on which party bears the burden of proof on the factual issue in

5   question.  Where the party opposing summary judgment would bear the burden of proof at trial on

6   the factual issue in dispute, that party must produce evidence sufficient to support its factual

7   claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

8   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit

9   or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

10   for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

11   demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

12   that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,

13   477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

14     The court does not determine witness credibility.  It believes the opposing party's

15   evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

16   *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

17   proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*

18   *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

19   dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at

20   issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

21   Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier

22   of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475

23   U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any

24   reasonable inferences that might be drawn from it could not support a judgment in favor of the

25   opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any

26   genuine dispute over an issue that is determinative of the outcome of the case.

27     Defendants' motion included notice to plaintiff informing him of the requirements for

28   opposing a motion for summary judgment, including the warning that if plaintiff failed to submit

1  evidence in opposition, his case could be dismissed and there would be no trial.  *See Woods v.*

2  *Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012);

3  *see also Albino*, 747 F.3d at 1166 (providing that a motion for summary judgment, and not a

4  motion to dismiss, is the proper means of asserting the defense of failure to exhaust, where

5  evidence extrinsic to the complaint is submitted).

6  **III.    Discussion**

7         Plaintiff proceeds on his claims of Eighth Amendment deliberate indifference to medical

8  needs against defendants Miranda, Abdur-Rahman, and Lee.  The claims arise from the following

9  allegations: (1) that Miranda took plaintiff's medications, asthma inhalers and medical appliances

10  when plaintiff arrived at High Desert State Prison on March 28, 2012; (2) that Drs. Abdur-

11  Rahman and Lee refused to follow the recommendations of a pulmonary specialist, refused to

12  examine plaintiff, and refused to give plaintiff needed x-rays; and (3) that Dr. Lee interfered with

13  plaintiff's medical treatment by cancelling a sleep study and titration that Dr. Abdur-Rahman had

14  ordered.  *See* ECF Nos. 29 (operative complaint, dated November 20, 2013); ECF No. 31

15  (February 19, 2014 Screening Order).

16         Plaintiff initially asserted the claims against defendants Miranda and Abdur-Rahman in

17  his first amended complaint, which he delivered to prison staff for mailing on March 14, 2013.[2]

18  ECF No. 14 at 69.  That complaint did not include the claims against Dr. Lee, who was not added

19  as a defendant until plaintiff submitted another amended complaint for mailing on June 5, 2013.

20  *See* ECF No. 20 at 18-22.  Accordingly, the court must determine: (1) whether plaintiff exhausted

21  his administrative remedies regarding his claims against Miranda and Abdur-Rahman prior to

22  March 14, 2013; and (2) whether plaintiff exhausted his administrative remedies regarding his

23  claims against Lee prior to June 5, 2013.[3]  *See Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir.

24  _____

25  [2] Because this complaint did not comply with Rule 11 of the Federal Rules of Civil Procedure, the court did not screen it pursuant to 28 U.S.C. § 1915A.  ECF No. 19.  Plaintiff
26  subsequently complied with the court's order to file an amended complaint correcting this defect. ECF No. 20.

27  [3] Defendants argue that plaintiff was required to exhaust all of his claims, including those
28  against Lee, prior to March 14, 2013 because the March 14, 2013 complaint "raised [the]

1  2014) ("new" claims added to a lawsuit via amendment that are exhausted prior to the amendment

2  comply with the exhaustion requirement).  If plaintiff did not exhaust his administrative remedies

3  prior to these dates, the court must determine whether plaintiff may be excused from the pre-

4  filing exhaustion requirement.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

5          Defendants' evidence shows that plaintiff failed to complete the exhaustion process as

6  required by the PLRA.  As noted, plaintiff presented the court with his claims against defendants

7  Miranda and Abdur-Rahman on March 14, 2013, and against defendant Lee on June 5, 2013.

8  Although plaintiff filed an appeal regarding the claim he now asserts against Miranda in this

9  action (log number HDSP HC 12026036), that appeal was not resolved at the final level of review

10  until April 22, 2013, over a month after he presented that claim to this court.  *See* ECF No. 46-4

11  ("Robinson Decl.") ¶ 8, Ex. B.  He also submitted several appeals that relate, at least in part, to

12  his claim against Abdur-Rahman.  *See* ECF No. 54 ("Silkwood Decl.") ¶¶ 5-9 Exs. C, D, and G

13  (log numbers HDSP HC 12026829 and HDSP HC 12026601), Ex. E (log number HDSP HC

14  13027216), Ex. F (log number HDSP HC 13027251); *see also* ECF No. 20 at 94 (log number

15  HDSP HC 13027178 and log number HDSP ADA 13021236); ECF No. 29 at 49-50 (log number

16  HDSP HC 13027178).  However, none of those appeals was decided at the third level of review

17  before March 14, 2013.  Silkwood Decl., Ex. A; Robinson Decl. ¶¶ 9-13.  And, with respect to the

18  claim against defendant Lee, the record shows that plaintiff did not file any appeal that was

19  resolved at third level of review prior to June 5, 2013.  Robinson Decl., ¶ 9, Ex. A.[4]  Thus,

20  defendants have shown that plaintiff filed this action prematurely, before resolution of any

21  appeals addressing the incidents giving rise to these claims.  There is simply no dispute as to any

22  genuine issue of material fact regarding this question.

23  _____

24  deliberate indifference claims against Defendants."  ECF No. 46-2 at 9-10 & n. 3.  Review of that
    complaint does not support defendants' position.  The March 14, 2013 complaint does not raise a

25  claim against defendant Lee.  *See* ECF No. 14.

26      [4] As noted, defendants' motion erroneously argues that plaintiff was required to exhaust
    all of his claims, including those against defendant Lee, by March 14, 2013.  Defendants are able

27  to meet their burden on summary judgment, notwithstanding this error, because the evidence
    submitted with their motion demonstrates that plaintiff did not exhaust his administrative

28  remedies for his claim against defendant Lee prior to June 5, 2013.

1        As discussed above, to defeat summary judgment plaintiff must demonstrate that there is a

2  genuine dispute over a material issue of fact as to whether he actually exhausted available

3  remedies, or as to whether he should be excused from the exhaustion requirement.  He does not

4  claim to have actually exhausted his administrative remedies.  He does, however, point to various

5  causes for his failure to exhaust.  First, he blames his housing situation, stating that on some

6  unknown date, he was housed in a cell with poor ventilation and poor sanitation, that he was then

7  transferred to an isolation cell, and then housed in a cold and wet cell.  ECF No. 49 at 3.   He does

8  not explain how, if at all, this should excuse his failure to exhaust.

9        Next, he claims that defendants retaliated against him for "trying to get his medical issues

10  resolved" and intentionally delayed their responses to his appeals to see if plaintiff would

11  "succumb to the constant attacks and retaliations." *Id.* at 3, 8, 9.  Plaintiff does not explain how he

12  was retaliated against or how any purported act of retaliation prevented him from exhausting his

13  administrative remedies for the claims raised in this action.

14        In addition, plaintiff fails to show how any particular response to an appeal was delayed.

15  Nor does he link these vague and generalized accusations to a specific appeal that could have

16  served to exhaust his administrative remedies for the claims presented in this case but for the

17  circumstances that he allegedly faced.   Plaintiff appears to concede that he only pursued his

18  appeals through the second level of review, claiming that thereafter, his appeals "simply

19  disappeared" and that he was transferred to another institution.  *Id.* at 9.  Plaintiff offers no details

20  regarding appeals that "disappeared," nor does he explain how being transferred to another

21  institution prevented him from exhausting his administrative remedies.  Notably, plaintiff does

22  not claim to have ever even attempted to submit an appeal to the third level of review.  For these

23  reasons, plaintiff fails to demonstrate that there is a genuine dispute over a material issue of fact

24  as to whether he should be excused from the exhaustion requirement.  He provides no evidence to

25  counter defendants' evidence that he did not exhaust available remedies.  Nor does he present

26  evidence which demonstrates that exhaustion should be excused.  Thus, there is no genuine

27  dispute as to any material facts as to whether plaintiff has exhausted the administrative remedies

28  that were available to him prior to presenting his claims to this court.

In light of the absence of and genuine dispute that plaintiff failed to comply with the exhaustion procedure, or that his failure in this regard should not be excused, defendants' summary judgment motion must be granted.[5]  *See McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statue makes exhaustion a precondition to suit."); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (prisoner brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court).

Accordingly, IT IS HEREBY RECOMMENDED that the Clerk of the Court terminate defendants' motion to strike plaintiff's surreply (ECF No. 52), that defendants' motion for summary judgment (ECF No. 46) be granted, that judgment be entered in defendants' favor, and that this action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 7, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] For this reason, and because exhaustion is a prerequisite to suit (42 U.S.C. § 1997e(a)), the court need not address defendants' alternative grounds for summary judgment.